**BRIAN G. HANNEMANN LAW OFFICES**
Brian G. Hannemann, SBN 166109
(bghesq@gmail.com)
1943 No. Campus Avenue, Suite B-333
Upland, California 91784
Tel.:   (909) 980-7878
Fax:   (909) 912-8999

**COLE PEDROZA LLP**
Curtis A. Cole, SBN 52288
(curtiscole@colepedroza.com)
Joshua C. Traver, SBN 229778
(jtraver@colepedroza.com)
200 So. Los Robles Avenue, Suite 678
Pasadena, CA 91101
Tel.:   (626) 431-2787
Fax:   (626) 431-2788

Attorneys for Plaintiff
BRETON A. BOCCHIERI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRETON A. BOCCHIERI,<br><br>Plaintiff<br><br>vs.<br><br>ROGER H. MOHLMAN, et al.,<br><br>Defendants. | CASE NO. 2:07-CV-01787-ABC-EX<br><br>NOTICE OF ENTRY OF "ALTERNATIVE ORDER FOR RELIEF FROM STAY UNDER 11 U.S.C. 362 (ACTION IN NON-BANKRUPTCY FORUM)" |

COLE PEDROZA LLP
200 SO. LOS ROBLES AVE., SUITE 678
PASADENA, CA 91101

1

NOTICE OF ENTRY OF ORDER RELIEVING AUTOMATIC STAY

1    TO THE COURT, TO DEFENDANT AND HIS ATTORNEYS OF

2  RECORD:

3    Please take notice that on July 18, 2008, the United States Bankruptcy

4  Court for the Southern District of California, the Honorable Laura S. Taylor

5  presiding, entered the attached order in *In re Roger Howard Mohlman,* Case No.

6  08-03780-LT7, relieving this court from the automatic stay effectuated by the

7  filing of that bankruptcy case.

8

9  DATED:  August 6, 2008                    LAW OFFICES OF BRIAN G. HANNEMANN

10

11                                                              AND

12                                          COLE PEDROZA LLP

13                              By: _____

14                                    Curtis A. Cole

15                                    Joshua C. Traver

16                                    Attorneys for Plaintiff

17                                    BRETON A. BOCCHIERI

18

19

20

21

22

23

24

25

26

27

28

COLE PEDROZA LLP
200 SO. LOS ROBLES AVE., SUITE 678
PASADENA, CA 91101

2
NOTICE OF ENTRY OF ORDER RELIEVING AUTOMATIC STAY



1   L. Scott Keehn (SBN 61691)
    **KEEHN & ASSOCIATES, APC**
2   402 West Broadway, Suite 1210
    San Diego, California  92101
3   Telephone:  (619) 400-2200

4   Bankruptcy Counsel for
    **ROGER H. MOHLMAN**

5

6

7                  UNITED STATES BANKRUPTCY COURT

8              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10  In Re:                              )  CASE NO.  08-03780-LT7
                                        )
11  ROGER HOWARD MOHLMAN,               )  RS NO. GH1
                                        )
12                                      )  **ALTERNATE ORDER ON MOTION FOR**
               Debtor.                  )  **RELIEF FROM STAY UNDER 11 U.S.C. §**
13                                      )  **362 (ACTION IN NON-BANKRUPTCY**
    _____ )  **FORUM)**
14                                      )
    BRENTON A. BOCCHIERI,               )
15                                      )
               Moving Party,            )  Date:  June 26, 2008
16                                      )  Time:  10:00 a.m.
         v.                             )  Dept.: Three (3)
17                                      )  Judge: Hon. Laura S. Taylor
    ROGER HOWARD MOHLMAN,               )
18                                      )
               Respondent.              )
19                                      )
                                        )
20

21          A hearing was held at the above date and time before the Honorable Laura S. Taylor,

22  United States Bankruptcy Judge for the Southern District of California, to consider the motion (the

23  "Motion") by Brenton A. Bocchieri ("Movant") for an order granting relief from the automatic

24  stay with respect to a pending lawsuit against Roger Howard Mohlman ("Debtor") in the United

25  States District Court for the Central District of California (the "District Court"), specifically case

26  no. 07-01787-ABC (the "District Court Case").

27          David W. Levene of Levene, Neale, Bender, Rankin & Brill L.L.P. appeared on behalf of

28  the Movant.  Keehn & Associates, APC, by L. Scott Keehn, appeared on behalf of the Debtor.

KEEHN & ASSOCIATES, APC
ATTORNEYS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · TELECOPIER (619) 400-2201

114363/5447.02

1 Chapter 7 trustee Richard M. Kipperman appeared on his own behalf.

2      Upon consideration of the Motion, the Debtor's Opposition and Movant's Reply and the

3 evidence submitted by the parties in support of their respective positions including declarations,

4 the Debtor's evidentiary objections, requests for judicial notice and exhibits, the Court's

5 evidentiary rulings set forth on the record, and upon consideration of the entire record of this

6 Bankruptcy Case, but only as to admissible evidence, and the arguments and statements on the

7 record at the hearing, including Movant's clarification referred to in paragraph 1 of the Order

8 concerning the stay relief being sought, and the Court having determined that notice of the Motion

9 was proper, good cause appearing and for the reasons set forth on the record,

10     IT IS HEREBY ORDERED AS FOLLOWS:

11     1.    The automatic stay in this bankruptcy case is modified so that the District Court

12 may enter judgment and related findings in the District Court Case on the First Claim for Relief

13 and the Second Claim for Relief contained in Movant's First Amended Complaint, a copy of

14 which is attached hereto and incorporated herein by this reference as Exhibit "1". Based on

15 Movant's clarification on the record of the hearing that stay relief is not being sought at this time

16 with respect to the Third Claim for Relief (Constructive Trust/Equitable Lien), the automatic stay

17 shall remain in effect as to Third Claim for Relief without prejudice to Movant seeking such relief

18 in the future.

19     2.    The automatic stay is modified so that Movant may to proceed under applicable

20 non-bankruptcy law to obtain judgment and related findings in the District Court Case and to

21 pursue all rights and remedies arising therefrom; provided, however, the automatic stay shall

22 remain in effect as to enforcement of the judgment against "property of the estate" within the

23 meaning of Section 541(a) of the Bankruptcy Code as currently in effect; and

24 ///

25 ///

26 ///

27 ///

28 ///

KEEHN & ASSOCIATES, APC
ATTORNEYS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · TELECOPIER (619) 400-2201

- 2 -

1        3.    This stay relief order is binding and effective despite any conversion of this

2    bankruptcy case to a case under any other chapter of Title 11 of the United States Code or

3    dismissal or upon any bankruptcy case refiled within 180 days.

4

5    Dated: July 18, 2008

6                                         HONORABLE LAURA S. TAYLOR

7                                         UNITED STATES BANKRUPTCY JUDGE

8

9

10   Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief

11   provided by the order is the relief granted by the court.

12

13   REVIEWED AND APPROVED
     AS TO FORM AND CONTENT:

14

15

16   Dated: July 16, 2008                   **KEEHN & ASSOCIATES**
                                            A Professional Corporation

17

18                              By:     //s// L. Scott Keehn

19                                        L. Scott Keehn
                                          Bankruptcy Attorneys for

20                                        **Roger H. Mohlman**

21

22

23

24

25

26

27

28

**KEEHN & ASSOCIATES, APC**
ATTORNEYS AT LAW
402 WEST BROADWAY, SUITE 1210
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · TELECOPIER (619) 400-2201

- 3 -

114363/AAN/5447.01

# Exhibit 1

Brian G. Hannemann (SBN166109)
LAW OFFICES OF BRIAN G. HANNEMANN
1943 N. Campus Ave., Suite B-333
Upland, California 91784
Tel: (909) 980-7878
Fax: (909) 912-8999
Email: brian@hannemannlawfirm.com

Attorneys for Plaintiff
BRETON A. BOCCHIERI



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETON A. BOCCHIERI, | CASE NO.: CV07-1787-ABC (Ex) |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR: |
| vs. | (1) INTENTIONAL MISREPRESENTATION / PROMISSORY FRAUD; |
| ROGER H. MOHLMAN, | (2) AVOIDANCE OF FRAUDULENT TRANSFER / DAMAGES, ACCOUNTING, ATTACHMENT, INJUNCTION, APPOINTMENT OF A RECEIVER; |
| Defendant. | (3) CONSTRUCTIVE TRUST / EQUITABLE LIEN |
| | DEMAND FOR JURY TRIAL |

Plaintiff BRETON A. BOCCHIERI, demanding a trial by jury, avers in this First Amended Complaint as follows:

## I. NATURE OF THE CASE

1.     Plaintiff brings this action to recover damages arising from Defendant's elaborate and systematic plan of action to defraud Plaintiff of $200,000 under the ruse of an investment opportunity which in reality, was tantamount to a classic Ponzi scheme.

2.     Plaintiff was lured into tendering $200,000 to Defendant, who promised to form a new company and issue to Plaintiff shares of stock of the new company. Defendant had no intention of forming a new company or of issuing

1



LAW OFFICES OF BRIAN G. HANNEMANN
1943 N. CAMPUS AVE., SUITE B-333
UPLAND, CA 91784



1  Plaintiff shares of stock. Instead, Defendant intended all along to misappropriate

2  and abscond with Plaintiff's money, leaving Plaintiff with neither his original

3  $200,000, nor the promised shares of stock.

4      3.    Plaintiff has been harmed by the Defendant's fraudulent scheme, and

5  brings this lawsuit, seeking all available relief, to include an award of

6  compensatory and exemplary damages.

## II. PARTIES

8      4.    Plaintiff is, and at all relevant times was, a natural person and a citizen

9  of the State of California residing in Los Angeles County, California.

10     5.    Defendant ROGER H. MOHLMAN is, and at all relevant times was, a

11 natural person and a citizen of the State of Nevada, and on information and belief,

12 residing in Clark County, Nevada.

## III. JURISDICTION AND VENUE

14     6.    This Court has subject matter jurisdiction of all claims asserted in this

15 action pursuant to the provisions of 28 U.S.C. § 1332, in that the matter in

16 controversy in this action, exclusive of interest and costs, exceeds the sum or value

17 of $200,000, and is between citizens of different States.

18     7.    Venue is proper in this district under 28 U.S.C. § 1391 and § 1400

19 because Plaintiff resides in this district and a substantial part of the fraudulent acts

20 that give rise to Plaintiff's claims occurred here.

## IV. FACTS COMMON TO ALL CLAIMS

22     8.    Defendant, and each of them, conspired to and did lure Plaintiff into

23 tendering the sum of $200,000 directly and payable to ROGER H. MOHLMAN on

24 December 30, 2004.

25     9.    To accomplish the Defendant' illegal scheme, ROGER H.

26 MOHLMAN promised that if Plaintiff tendered to him the sum of $200,000, such

27 funds would be used as consideration for the purchase of shares of stock of a

28 company to be known as New Age Packaging.

LAW OFFICES OF BRIAN G. HANNEMANN<br>1943 N. CAMPUS AVE., SUITE B-333<br>UPLAND, CA 91784

2

1   from scrutiny by fraudulently transferring Plaintiff's $200,000 into, out of, and

2   among various other bank accounts and entities of which further investigation and

3   discovery will reveal the true nature of the transfers and concealment.

## V. FIRST CLAIM FOR RELIEF

(Intentional Misrepresentation / Promissory Fraud)

6   19.    Plaintiff repeats, reavers, and incorporates by reference, as though

7   fully set forth herein, the averments contained in all prior and subsequent

8   paragraphs.

9   20.    Defendant made representations of material fact to Plaintiff, in that

10  Defendant falsely promised to forthwith form a business entity called New Age

11  Packaging, and promptly cause to be issued to Plaintiff shares of stock in such

12  company.

13  21.    These representations were in fact false. The truth was instead that

14  Defendant deceived Plaintiff into tendering to Defendant the sum of $200,000,

15  which Defendant then misappropriated for his own use.

16  22.    When Defendant made the representations herein described,

17  Defendant knew they were false or had no reasonable ground for believing the

18  representations were true.

19  23.    Defendant made the representations with the intent to defraud and

20  induce Plaintiff to act by tendering the sum of $200,000.

21  24.    At the time Plaintiff acted, Plaintiff did not know the representations

22  were false and believed they were true.

23  25.    Plaintiff acted in justifiable reliance upon the truth of the

24  representations.

25  26.    Defendant made promises about material matters as specified herein,

26  without any intention of performing them, as stated herein and incorporated by

27  reference.

28  27.    Defendant's promises were made without any intention of

4

LAW OFFICES OF BRIAN G. HANNEMANN
1943 N. CARITUS AVE., SUITE B-133
UPLAND, CA 91784

1  performance, and were made with the intent to defraud and induce Plaintiff to rely

2  upon them and to act by tendering $200,000.

3      28.   At the time Plaintiff acted, Plaintiff was unaware of Defendant's

4  intentions not to perform their promises.

5      29.    Plaintiff acted in justifiable reliance upon the promises.

6      30.    In justifiable reliance upon Defendant's conduct, Plaintiff was

7  induced to act by tendering $200,000.

8      31.    Because of Plaintiff's reliance upon Defendant's conduct, Plaintiff

9  has been damaged in the amount of $200,000, exclusive of costs and interest.

10               **VI. SECOND CLAIM FOR RELIEF**

11      (Avoidance of Fraudulent Transfer / Damages, Accounting, Attachment,

12                Injunction, Appointment of a Receiver)

13      32.    Plaintiff repeats, reavers, and incorporates by reference, as though

14  fully set forth herein, the averments contained in all prior and subsequent

15  paragraphs.

16      33.    Defendant, on information and belief, has transferred Plaintiff's

17  $200,000 into, out of, and between various entities and trusts which Defendant has

18  formed or control.

19      34.    Defendant, on information and belief, knew that $200,000 belonged to

20  Plaintiff, but instead of refunding such to Plaintiff upon his demand for such,

21  Defendant fraudulently transferred such sums without exchanging and receiving

22  "fair value" or "reasonably equivalent value" therefore, with the actual intent to

23  hinder, delay, and defraud Plaintiff.

24      35.    Defendant, on information and belief, knew in advance that such

25  conduct constituted a business or transaction for which such would be

26  unreasonably small in relation, and/or intended or reasonably believed the transfer

27  or transfers  would render the same beyond Defendant's ability to repay, in order to

28  render Defendant insolvent or to otherwise thwart Plaintiff's ability to recover such

LAW OFFICES OF BRIAN G. HANNEMANN
1943 N. CAMPUS AVE., SUITE B-333
UPLAND, CA 91784

5

1  funds.

2      36.    Defendant, on information and belief, knew that any such transfers

3  would render Defendant insolvent, and at all times since such transfer or transfers,

4  the assets and property transferred were made available to Defendant for his sole

5  use, custody, possession, management, profit, control and benefit.

6      37.    On information and belief, $200,000 in Defendant's possession or

7  control was not fully exempt at the time of the transfer and thereafter that the same

8  was encumbered by pending obligations which Defendant has sought to avoid by

9  encumbering assets.

10      38.    On information and belief, various transfers were made in an effort to

11  avoid Defendant's obligations to Plaintiff, in order to perpetrate a fraud on Plaintiff

12  and to avoid Plaintiff's claims against Defendant.

13      39.    On information and belief, Defendant did not transfer Plaintiff's

14  $200,000 in "good faith" for reasonably equivalent value.

15      40.    On information and belief, Plaintiff's complaint has been filed within

16  four years of any transfer or transfers.

17      41.    As a result of Defendant's conduct, Plaintiff has been damaged and as

18  such is entitled to relief per California <u>Civil Code</u> Section 3439.07 et seq. and/or as

19  provided by law in a sum in excess of $200,000.00 and/or for an accounting of all

20  profits, income and proceeds of the property transferred by Defendant, and/or for

21  attachment of the same, and are entitled to an injunction and/or the appointment of

22  a Receiver.

23      42.    Defendant's conduct as set forth herein was willful, malicious and

24  fraudulent as is defined by California <u>Civil Code</u> Section 3294 and as such,

25  Plaintiff also requests an award of exemplary damages.

26      VII.  <u>THIRD CLAIM FOR RELIEF</u>

27      (Constructive Trust / Equitable Lien)

28      43.    Plaintiff repeats, reavers, and incorporates by reference, as though

6

LAW OFFICES OF BRIAN G. HANNEMANN
1943 N. CAMPUS AVE., SUITE B-333
UPLAND, CA 91784

1  fully set forth herein, the averments contained in all prior and subsequent
2  paragraphs.
3       44.    As a result of the above described wrongful conduct, the Court should
4  impose a constructive trust, an equitable lien, or both, to prevent the unjust
5  enrichment of Defendant.

### PRAYER FOR RELIEF

7       WHEREFORE, Plaintiff prays:
8       1.    That Defendant be required to identify and account for the $200,000
9  tendered to Defendant by Plaintiff, plus all profits, income and proceeds of the
10 $200,000;
11      2.    That Defendant be required to account for, and identify all
12 transactions involving the $200,000 which Plaintiff tendered to Defendant;
13      3.    That the Court order an attachment, injunction, the appointment of a
14 Receiver and restoration of the status quo ante;
15      4.    For imposition of a constructive trust;
16      5.    For an equitable lien;
17      6.    That Plaintiff be awarded special damages in the amount of $200,000;
18      7.    That Plaintiff be awarded general damages in the amount of
19 $2,000,000;
20      8.    That Plaintiff be awarded exemplary damages in the amount of
21 $5,000,000; and
22      9.    For prejudgment interest, costs of suit and such other relief as the
23 Court deems just and proper.

24                          Respectfully submitted,
25 Dated: August 22, 2007    LAW OFFICES OF BRIAN G. HANNEMANN
26
27
28                          By: _____
                             Brian G. Hannemann, Esq.
                             Attorneys for Plaintiff BRETON A. BOCCHIERI

7

LAW OFFICES OF BRIAN G. HANNEMANN
1942 N. CAMPUS AVE, SUITE B-331
UPLAND, CA 91784

1

## DEMAND FOR JURY TRIAL

2     Plaintiff BRETON A. BOCCHIERI hereby demands trial by jury.

3                          Respectfully submitted,

4     Dated: August 22, 2007      LAW OFFICES OF BRIAN G. HANNEMANN

5

6

7                          By: _____

8                              Brian G. Hannemann, Esq.
                              Attorneys for Plaintiff BRETON A. BOCCHIERI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

BRET BOCCHIERI VS. ROGER MOHLMAN - FIRST AMENDED COMPLAINT.WPD

1

2

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 am not a party to the within action; my business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

5

On July 9, 2008, I served the foregoing document(s) described as:

6

7

NOTICE OF LODGMENT OF ORDER ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM)

8

9

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

10

11

12

| L. Scott Keehn | Richard M. Kipperman | United States Trustee |
|---|---|---|
| Keehn & Associates, APC | Chapter 7 Trustee | Department of Justice |
| 402 West Broadway, Suite 1210 | Corporate Management | 402 West Broadway, Suite 600 |
| San Diego, CA 92101 | P.O. Box 3939 | San Diego, CA 92101 |
| | La Mesa, CA 91944-3939 | |

13

14

Roger Howard Mohlman
1970 Columbia # 416
San Diego, CA 92101

15

16

__X__  (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on July 9, 2008 at Los Angeles, California.

17

18

_____  (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business day delivery to the offices of those so designated on the attached list. Executed on July __, 2008, at Los Angeles, California.

19

20

_____  (By Facsimile) I caused said document to be sent via facsimile to the offices of the addressees so designated on the attached list. Executed on July __, 2008, at Los Angeles, California.

21

22

_____  (By E-mail) I caused such envelope to be delivered via email to the offices of the United States Trustee. Executed on July __, 2008, at Los Angeles, California.

23

24

_____  (By Personal service) I caused such envelope to be delivered by hand to the offices of the addressee so designated on the attached list. Executed on July __, 2008 at Los Angeles, California.

25

26

__X__  (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

27

28

John Berwick

**PROOF OF SERVICE**
**(State of California)**

I am employed by Cole Pedroza LLP, in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 200 S. Los Robles Ave., Suite 678, Pasadena, California 91101.

On August 7, 2008, I served in the manner indicated below, the foregoing document described as: NOTICE OF ENTRY OF "ALTERNATIVE ORDER FOR RELIEF FROM STAY UNDER 11 U.S.C. 362 (ACTION IN NON-BANKRUPTCY FORUM)" on the parties indicated below by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Joshua L. Harmon, Esq.
Harmon & Davies
2 North Lake Drive
Pasadena, California 91101
Tel.: (626) 440-9936

By Express Mail or other Overnight Delivery – I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on this office, or otherwise at the party's place of residence.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of August, 2008.

MiChelle McGrath

NOTICE OF ENTRY OF ORDER RELIEVING AUTOMATIC STAY

COLE PEDROZA LLP
200 SO. LOS ROBLES AVE., SUITE 678
PASADENA, CA 91101